# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MANUEL D.J.R.,[1]
(A Number: 094-261-532)

                Petitioner,

    v.

WARDEN, *California City Correctional Center*, et al.

                Respondents.

Case No.  1:26-cv-04843-JLT-EGC

**FINDINGS AND RECOMMENDATION TO DENY PETITION**

(Doc. 1)

Manuel D.J.R. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.    FACTUAL BACKGROUND

Petitioner is a citizen and national of Honduras who entered the United States on an unknown date without authorization or inspection. (Doc. 16-1 at 2). On January 31, 2026, Immigration and Customs Enforcement officers arrested and detained Petitioner. (Doc. 2).

On April 28, 2026, Petitioner filed his first habeas petition, which was granted and the government was ordered to provide Petitioner with a substantive bond hearing. *See* 1:26-cv-03259-JLT-EGC (E.D. Cal. May 13, 2026) (Doc. 9).

On May 8, 2026, Petitioner was provided a bond hearing pursuant to 8 U.S.C. § 1226(a). (Doc. 13-1). The immigration judge ("IJ") denied Petitioner's request for custody redetermination

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only their first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

finding Petitioner failed to meet their burden of proof that their release would not pose a danger to other persons or property and was not a flight risk.  (*Id.* at 1).

Petitioner then filed a second habeas petition, which is now before the Court, challenging their detention as being unconstitutionally prolonged.  (Doc. 1).  Petitioner seeks immediate release.  (*Id*. at 10).

On August 4, 2026, Respondent filed a response to the petition.  (Doc. 13).  On August 10, 2026, Petitioner filed various filings in response.  (Docs. 17, 18, 19).

## II.    JURISDICTION & LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  A district court may grant a writ of habeas corpus when the Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order."  *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)).

## III.    DISCUSSION

The parties do not dispute that Petitioner is currently detained under 8 U.S.C. § 1226(a) following their arrest and detention.  Petitioner in his initial petition contended that he was being detained without an individualized custody determination.  Petitioner has since been provided with such hearing before an immigration judge.  Respondents argue the petition should be dismissed or denied, because Petitioner has already received the process he is due and that Petitioner has avenues of relief, such as an appeal to the Board of Immigration Appeals ("the Board"), that Petitioner must first exhaust.  (Doc. 13).

Petitioner maintains his argument that his continued detention violates due process rights. (Doc. 19 at 4–5).

Respondent contends Petitioner has failed to exhaust available remedies by failing to seek relief for their claims with the Board of Immigration Appeals before seeking a writ of habeas

corpus in this court.  (Doc. 13 at 1)  Petitioner, however, does not challenge the outcome of his bond hearing.  Instead, Petitioner brings claims that his detention is unconstitutionally prolonged under both the Fifth Amendment's Due Process Clause, *Zadvydas*, and section 1231.  Therefore, the undersigned need not address Respondents' exhaustion argument.

Turning to Petitioner's claims, the undersigned finds that Petitioner's claim under *Zadvydas* and section 1231 is not applicable as the parties do not dispute that Petitioner is detained under section 1226(a).  *See Garcia Miranda v. Hernandez*, No. 2:26-CV-00906-JNW, 2026 WL 1328227, at *5 (W.D. Wash. May 13, 2026) ("But *Zadvydas* addresses post-order detention under § 1231, not pre-order detention under § 1226(a).").  Therefore, Petitioner's claim under *Zadvydas* and section 1231 is not cognizable.

Having determined that 1226(a) informs the nature of Petitioner's detention, the undersigned evaluates Petitioner's other claim: whether Petitioner's procedural due process rights have been violated.  Respondent argues that the government's compliance with section 1226 afforded Petitioner with all of the process to which he is entitled.  (Doc. 13).The undersigned agrees.

As held in analogous cases by various district courts, "Petitioner fails to establish a due process right to a pre-deprivation hearing before his detention and fails to establish that his arrest exceeded the government's statutory authority under § 1226(a)." *Okoth v. Kaiser*, No. EDCV 26-2353-AS, 2026 WL 45199, at *2 (C.D. Cal. Jan. 7, 2026); *see also*, *e.g.*, *Kafle v. Wofford*, No. 1:26-CV-01663-KES-HBK (HC), 2026 WL 2255203, at *3 (E.D. Cal. Aug. 5, 2026); *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 938 (N.D. Cal. 2025) ("the statutory protections of § 1226(a) require only a prompt post-deprivation hearing"); *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *12 (N.D. Cal. Sept. 12, 2025) ("[The] Section 1226 framework typically provides for a post-detention, rather than pre-deprivation, bond hearings.  If Section 1226 and its regulations are followed, this provides for sufficient process, as detentions will only be made upon an initial DHS determination that an individual is a flight risk or poses a danger to society."). Petitioner relies on cases involving noncitizens who had previously been released under § 1226(a) and later re-detained.  (Doc. 1 at 7–8 (citing *Yunhe B. v. Warden,* No. 1:26-cv-03307-TLN-CKD, 2026 WL

3

1733639 (E.D. Cal. June 16, 2026) and *G.L. v. Warden,* No. 1:26-cv-02828-TLN-DMC, 2026 WL 1192171 (E.D. Cal. May 1, 2026)).  But this case is different because the record contains no prior detention and release by immigration officials.

Instead, the record shows Petitioner was detained on January 31, 2026, and removal proceedings were initiated.  (Doc. 16-1).  Pursuant to section 1226(a), Petitioner received a bond hearing on May 8, 2026, at which the immigration judge denied bond because Petitioner was a danger to the community and flight risk.  (Doc. 13-1 at 2).  Petitioner did not appeal that decision to the Board of Immigration Appeals.  (Doc. 1 at 4).  Thus, Petitioner received due process under § 1226(a).  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022) (section 1226(a)'s post-detention bond procedures facially satisfy due process); *Zakharenkova v. Mullin*, 2026 WL 1454524, at *3–4 (C.D. Cal. May 19, 2026) (finding detainee held under section 1226(a) was not entitled to a pre-detention hearing because she was not re-detained after previous release on an order of supervision).

Accordingly, the undersigned will recommend that the Court deny Petitioner's petition.

### IV.    RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus, (Doc. 1), be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties.  *Id*.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these

Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **August 12, 2026**

UNITED STATES MAGISTRATE JUDGE

5