**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MANUEL DE JESUS ROSALES,

Petitioner,

v.

WARDEN OF CALIFORNIA CITY CORRECTIONAL CENTER, et al.,

Respondents.

Case No. 1:26-cv-04843 JLT EGC

A- Number: 094-261-532

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO TERMINATE PENDING MATTERS AND CLOSE THIS CASE

(Doc. 20)

Manuel De Jesus Rosales is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*See* Doc. 1.) Petitioner previously filed a petition for writ of habeas corpus in Case No. 1:26-cv03259-JLT-EGC, in which the Court granted the petition and ordered Petitioner receive a bond hearing. (Doc. 9.) At the bond hearing on May 18, 2026, the immigration judge denied a change in custody upon finding Petitioner is a danger to the community and flight risk. (Doc. 13-1 at 1.) He did not appeal that decision. (Doc. 1 at 4.) Petitioner now argues his detention is unreasonably prolonged. (*Id.* at 8.) Respondents assert that Petitioner is not entitled to relief, asserting that Petitioner is "lawfully detained" "already received an individualized bond hearing." (*See* Doc. 13 at 2.)

The magistrate judge observed Petitioner brought his claim under "the Fifth Amendment's Due Process Clause, *Zadyvdas*, and section 1231." (Doc. 20 at 3.) However, the magistrate

judge found that *Zadyvdas v. Davis*, 533 U.S. 678 (2001) and 8 U.S.C. § 1231 were "not applicable as the parties do not dispute that Petitioner is detained under section 1226(a)." (*Id.*, citing *Garcia Miranda v. Hernandez*, 2026 WL 1328227, at *5 (W.D. Wash. May 13, 2026).) The magistrate judge found Petitioner received due process for his detention under Section 1226(a) and recommended that the Court deny the petition. (*Id.* at 4.)

Petitioner filed timely objections. (Doc. 21.) Petitioner indicates that he "objects to the F&R in its entirety because it rests on a fundamental legal error: the conclusion that his detention is governed by the post-final order statute, 8 U.S.C. § 1231." (*Id.* at 1.) Petitioner also raises the following enumerated objections: (1) "the magistrate judge erred because Petitioner's removal order is not administratively final"; (2) "the magistrate judge erred by failing to conclude that 8 U.S.C. § 1226(a) governs Petitioner's detention"; (3) "the magistrate judge erred by not finding that mandatory detention under § 1226(e) is inapplicable"; (4) "the magistrate judge erred by not ordering a constitutionally adequate bond hearing"; (5) "the magistrate judge erred by failing to address Petitioner's due process claim arising from his prolonged and punitive detention"; (6) the F&R contradicts the magistrate judge's own prior [minute order]"; (7) "the magistrate judge erred by not holding the Government to its burden to establish a lawful basis for detention"; (8) "the F&R fails to give proper weight to Petitioner's extraordinary equities"; (9) "the F&R fails to uphold the core function of habeas corpus"; and (10) "the F&R fails to address all of Petitioner's claims and arguments", including those under the due process clause, facility transfers, and application of the *Mathews v. Eldridge* balancing test. (*See id.* at 3-7 [emphasis omitted].)

As an initial matter, Petitioner is incorrect that the magistrate judge found he is detained under Section 1231. Rather, the magistrate judge found Petitioner is detained under Section 1226(a), and this fact was undisputed by the parties. (Doc. 20 at 2, 3.) This finding does not contradict the prior minute order, in which the magistrate judge requested Respondents clarify the detention authority for Petitioner. (*See* Doc. 12.) Thus, to the extent Petitioner raises objections on the detention authority identified by the magistrate judge, such objections are contradicted by the record. In addition, contrary to Petitioner's assertions, the magistrate considered his due process claim. (*See* Doc. 20 at 3.) The Court finds the remaining objections are also unavailing.

Although Petitioner maintains that his detention is prolonged, he received a bond hearing in May 2026. Since the bond hearing, he has been detained approximately five months. This period does not rise to the level of "prolonged detention." *See Rodriguez Diaz v. Garland*, 52 F.4th 1189, 1207 (9th Cir. 2022) (identifying the relevant period as the "months following [the] first bond hearing" when considering whether detention qualifies as prolonged); *see also Gagiu v. ICE Field Off. Dir.*, 2026 WL 2291295, at *2 (W.D. Wash. Aug. 10, 2026) (finding a detention period of five months is "less than the presumptively reasonable period" for a petitioner detained under Section 1226(a)). Petitioner fails to show any error in the analysis of the magistrate judge or that he is entitled to a second bond hearing.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated August 20, 2026 (Doc. 20) are **ADOPTED**.
2. The petition for writ of habeas corpus is **DENIED** without prejudice.
3. The transfer restrictions imposed on June 26, 2026 (Doc. 7) are **LIFTED**.
4. The Clerk of Court is directed to terminate pending matters (Docs. 18, 22) as **MOOT** and close this case.

IT IS SO ORDERED.

Dated: October 19, 2026

UNITED STATES DISTRICT JUDGE